# NO. 12-10-00042-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROY EARL ALEXANDER,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Roy Earl Alexander appeals his conviction for robbery. In three issues, Appellant argues that the evidence is legally and factually insufficient to support the conviction and that he was denied a fair and impartial jury. We affirm.

## BACKGROUND

Appellant bought Evelyn Corley five dollars worth of gas to drive him to TD's Liquor Store, which is located north of Trinity, Texas. Once they arrived, Appellant, Corley, and another of Corley's friends went into the store together. Corley and her friend shopped, but Appellant had a different idea. Danny Duncan, the owner of the store, watched as Appellant put a bottle of whiskey in his pants. Duncan told him to put the bottle back, but Appellant did not comply. Instead, he tried to leave the store. When Duncan tried to stop him, Appellant pulled out the bottle and tried to hit Duncan with it. The bottle fell and broke, and the two men fought.

Appellant was arrested and later charged with the felony offense of robbery.[1] In pertinent

---

[1] *See* TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2003).

1

part, the indictment alleged that Appellant, while in the course of committing a theft of property, and with the intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly caused bodily injury to Duncan by striking him with his fist and cutting him. The indictment also alleged that Appellant had two prior convictions for felony offenses.

Appellant pleaded not guilty, and a jury trial was held. At trial, Duncan was asked if Appellant hit him with his fist. Duncan replied, "Yes, sir, I think so." Duncan also identified photographs that "look like I might have been hit on the right chin." When he was asked whether Appellant was "the man that [sic] hit you with his fist," Duncan replied, "Yes, sir." On cross examination, however, Duncan was less positive about being hit with Appellant's fist. After being asked "you don't have any specific recollection of my client striking you with his fist. That's the truth, isn't it[,]" Duncan replied, "I guess so." On redirect examination, Duncan said, "Well, he definitely hit me." When asked how Appellant hit him, Duncan replied, "With his fist." On recross examination, Duncan was asked again if he was sure Appellant hit him with his fist. Duncan said, "Well, he swung at me. I know that." But he also admitted that "it's kind of hard to know where your injuries are coming from because you are dodging, dodging fists at the time."

Evelyn Corley testified that Appellant "hit [Duncan]," that he "went to the floor," and that Appellant "starting beating the hell out of him." She also testified that Appellant "began to assault him." When asked how Appellant assaulted Duncan, Corley said, "He hit him."

Both sides presented additional evidence and rested. During closing argument, the prosecutor received some unexpected encouragement from a member or members of the jury. As the State was making its closing argument, the prosecutor said, "I think that should be counting for him [Duncan] because he is being honest with you." One of the jurors interjected, "Right." When the prosecutor said "[t]here are only two verdicts you can give, guilty or not guilty," a juror said, "That's right. Sure." Finally, the prosecutor said, "You can send the most important message here that if you do the crime you are going to do the time," and a juror said, "That's right." Appellant did not object.

The jury found Appellant guilty as charged. The parties waived trial by jury for the sentencing phase of the trial. The trial court found that Appellant had two prior felony convictions, and assessed a sentence of imprisonment for twenty–five years. This appeal followed.

2

### EVIDENTIARY SUFFICIENCY

In his first and second issues, Appellant argues that the evidence is legally and factually insufficient to support his conviction. Specifically, Appellant contends that the State's evidence fails to establish that he hit Duncan with his fist.

**Standard of Review**

Prior to 2010, Texas appellate courts reviewed both the legal and factual sufficiency of the evidence to support a verdict in a criminal case. Legal sufficiency review is defined by *Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). Factual sufficiency review is defined by *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In October 2010, the court of criminal appeals held that there is "no meaningful distinction between the *Jackson v. Virginia* legal sufficiency standard and the *Clewis* factual sufficiency standard" and overruled *Clewis* and its progeny. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion). The court held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." *See id.* Accordingly, we will not independently consider Appellant's argument that the evidence is factually insufficient to support the verdict. *See Martinez v. State*, 327 S.W.3d 727, 730 (Tex. Crim. App. 2010).

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; *Brooks v. State*, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

3

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

In this case, to support Appellant's conviction for robbery, the State's evidence had to show that Appellant, while in the course of committing a theft of property, and with the intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly caused bodily injury to Duncan. *See* TEX. PENAL CODE ANN. § 29.01(a)(1) (Vernon 2003). Bodily injury is defined as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(8) (Vernon Supp. 2010).

**Analysis**

Appellant contends the evidence is insufficient to support the verdict because Duncan could not say for sure that Appellant hit him with his fist. The State does not argue that it did not have to prove that Appellant hit Duncan with his fist. Instead, the State argues that there is sufficient evidence to support the jury's conclusion that Appellant hit Duncan with his fist.

The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. *See* TEX. CODE CRIM. PROC. ANN. arts. 36.13 (Vernon 2007), 38.04 (Vernon 1979). As such, it is within the province of the jury to weigh and consider the testimony, believing those portions of the testimony they find credible, and setting aside other parts. *See*, *e.g.*, *Lafoon v. State*, 543 S.W.2d 617, 620 (Tex. Crim. App. 1976). In our review, we can disregard some evidence that supports the verdict in the appropriate case, but we must be appropriately deferential so as to avoid substituting our own judgment for that of the fact finder. *Wesbrook v. State*, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000). In other words, our review should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Id*.; *see also Brooks*, 323 S.W.3d at 899.

The jury in this case was confronted with conflicting testimony on the issue of whether Appellant hit Duncan with his fists. In favor of the verdict, there is Duncan's testimony that he was dodging Appellant's swinging fists, and that he was hit with Appellant's fist. There is also

Corley's testimony that she saw Appellant hit Duncan, that he "started beating the hell out of him," and that she saw Appellant hit Duncan with his hand, which she assumed was a closed hand.

As Appellant points out, there is evidence that is contrary to the verdict. While Duncan said he was hit by a fist, he equivocated on cross examination, saying he was not certain he was hit with Appellant's fist. Also, Corley testified that she was not sure if Appellant's hand was opened or closed when he hit Duncan, and she had made inconsistent statements prior to trial. Specifically, she told officers at the scene and in a statement that she had not seen a fight.

This conflict in the evidence does not cause us to lack confidence in the verdict. There was ample evidence that Appellant hit Duncan with his fist. If the jury understood Duncan's responses to cross examination questions to be an attempt to be very precise about whether he actually saw Appellant's fist hit his head, that would be a reasonable conclusion. Duncan saw a number of things that were consistent with his being struck by Appellant's fist, including fists being directed at him immediately before he was hit. Even if he could not testify that he actually saw the moment of impact when Appellant's fist hit his body, the jury could decide to credit his testimony that he was struck by Appellant's fist and reconcile the remainder of the testimony around that conclusion. Likewise, whether Corley was telling the truth at trial or in her statement to the police is a credibility determination that is for the jury to make.

Because the jury's resolution of conflicting testimony and evidence was reasonable, we hold that the evidence is legally sufficient to support the verdict. We overrule Appellant's first and second issues.

## JUROR COMMENTS

In his third issue, Appellant contends he was deprived of his right to a fair and impartial jury, and his rights to due process of law and due course of law were violated when a juror responded vocally to the State's closing argument.

Appellant's argument on this issue relates to the comments made by jurors during the State's closing argument. Appellant cites only two cases in support of his brief argument that these outbursts deprived him of the right to a fair trial. He cites *Uranga v. State*, 247 S.W.3d 375

5

(Tex. App.–Texarkana 2008, pet. granted)[2] for the proposition that a jury may not be partial. He cites **Taylor v. State**, 420 S.W.2d 601, 607 (Tex. Crim. App. 1967),[3] for the proposition, as stated by the court in that case, that the "atmosphere essential to the preservation of a fair trial – the most fundamental of all freedoms – must be maintained at all costs." These are unassailable principles, but Appellant does not advance the argument to address the circumstances presented in this case. Generally, we will not make arguments for parties, and Appellant's argument falls short of a fully developed argument on this issue. *See* TEX. R. APP. P. 38.1(h); **Wyatt v. State**, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000); *see also* **Candenas v. State**, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). To the extent that we understand Appellant's argument to be that the outbursts constitute reversible error, we disagree.

First, a contemporaneous objection in the trial court is a prerequisite for most appellate complaints. *See* TEX. R. APP. P. 33.1. Appellant did not object when the juror spoke. He also did not request any relief or any investigation by the court into the motives or thoughts of the jurors. Accordingly, there is no complaint preserved for our review.

Second, we note that two of the three juror statements did not indicate bias. Appellant's argument did not depend on Duncan being an unreliable witness. Therefore, if the juror statement showed that he agreed Duncan was being honest, that does not, by itself, show that the juror was biased against the defense. Likewise, the prosecutor's statement that only a guilty or not guilty verdict was available is not a controversial statement and the statement agreeing with that assertion does not indicate any kind of bias. The statement voicing agreement with the statement that a person who commits a crime will "do the time" is closer to showing that the juror had chosen sides, although the statement is also capable of being interpreted neutrally.

These statements came at the end of the trial. We require that jurors not prejudge a case, but at the end of a trial we ask them to make a judgment. Even if this juror's agreement with the statement that those who commit crimes should "do the time" is evidence that he had made a judgment, it was a judgment that came after consideration of the evidence, not in advance of trial. We do not know more about the statements that were made or if it would be possible to draw

---

[2] The *Uranga* opinion was affirmed by the court of criminal appeals after the completion of briefing in this case. *See Uranga v. State*, 330 S.W.3d 301 (Tex. Crim. App. 2010).

[3] The *Taylor* decision has been overruled on other grounds. *See Jackson v. State*, 548 S.W.2d 685, 690 n.1 (Tex. Crim. App. 1977).

additional conclusions as to whether there were jurors who had prejudged the case because Appellant elected not to object when the statements were made.

Because Appellant did not object when a juror or jurors made comments during closing argument, he has failed to preserve this complaint for our review. We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.


    **SAM GRIFFITH**
Justice

Opinion delivered March 23, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)